UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MINGYAN ZHANG,<br><br>        *Plaintiff*,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>        *Defendants*. | Civil Action No. 24-2300 (LLA) |

**MEMORANDUM OPINION**

    Plaintiff Mingyan Zhang brought this mandamus action against Defendants—the United States Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS")—seeking to compel a decision on his immigration application for permanent residency. Defendants have moved to transfer this action to the District of Hawaii under 28 U.S.C. § 1404(a) and to extend the time to respond to the complaint until twenty-one days after the action is docketed there. ECF No. 6, at 1. Mr. Zhang consents to a transfer. *Id.* For the reasons explained below, the court will grant Defendants' motion and transfer the case to the District of Hawaii.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    The court takes the allegations in Mr. Zhang's complaint as true for the purposes of deciding the pending motion. *Louis v. Hagel*, 177 F. Supp. 3d 401, 403 (D.D.C. 2016). The Form I-485 allows applicants in the United States to apply for lawful permanent resident status. *See* U.S. Citizenship & Immigr. Servs., *I-485, Application to Register Permanent Residence or*

*Adjust Status*.[1]  Mr. Zhang filed his Form I-485 in February 2022, *see* ECF Nos. 1 ¶ 2, 1-1, and his application is pending in the USCIS field office in Lee's Summit, Missouri, ECF No. 6, at 1.  After his Form I-485 had been pending for "well beyond six months," ECF No. 1 ¶ 10, Mr. Zhang filed this complaint seeking to compel Defendants to adjudicate his application.  *Id.* ¶ 14.  Mr. Zhang argues that Defendants "have caused unlawful, unreasonable delay in the adjudication of the application[]," thereby violating federal law.  *Id.* ¶ 13.  Defendants thereafter filed a consent motion to transfer the case from this court to the District of Hawaii under 28 U.S.C. § 1404.  ECF No. 6.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1404(a), the court may transfer a case from one proper venue to another appropriate venue if it serves "the convenience of parties and witnesses" and is "in the interest of justice."[2]  This is an "individualized, case-by-case consideration," comprised of two steps.  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

First, the transferor court must determine that the action "[could] have been brought" in the transferee district or that the parties consent to litigating there.  28 U.S.C. § 1404(a).  Second, the court must decide whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district."  *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F.

---

[1] *Available at* https://perma.cc/J9DL-BHDX.

[2] In contrast, 28 U.S.C. § 1406(a) governs transfer or dismissal when the initial venue is improper. *See Liu v. Mayorkas*, ___ F. Supp. 3d ___, No. 23-CV-2495, 2024 WL 3010847, at *1-2 (D.D.C. June 14, 2024).  Here, venue is proper in this district under 28 U.S.C. § 1391(e)(1)(A) because DHS is headquartered in Washington, D.C.  *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (explaining that "[w]hat controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant").

2

Supp. 2d 57, 59 (D.D.C. 2013). In making this determination, the court "weigh[s] several private- and public-interest factors." *Id.* at 59-60. The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof." *Id.* at 60. The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home." *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)). "If the balance of private and public interests favor[s] a transfer of venue, then a court may order a transfer." *Id.* (quoting *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C. 2012)).

## III.    DISCUSSION

Mr. Zhang consents to Defendants' motion to transfer. ECF No. 6, at 1. Nevertheless, the court will consider the facts and determine whether transferring this case is in the interest of justice. *Stewart Org.*, 487 U.S. at 29 ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (quoting *Van Dusen*, 376 U.S. at 622)).

On the first step, the court concludes that the suit could have originally been brought in the District of Hawaii. Venue is proper in suits against officers or agencies of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). The suit could have been brought in the District of Hawaii under

3

subsection (C) because Mr. Zhang resides in Hawaii and the case does not involve real property. ECF No. 1 ¶ 7.

On the second step, the court concludes that both the private- and public-interest factors weigh in favor of transferring this case to the District of Hawaii. The court begins with the private-interest factors. As to Mr. Zhang's choice of forum, while Mr. Zhang initially brought his case in this district, he has since consented to Defendants' transfer request. ECF No. 6, at 1. The first factor thus favors a transfer. As evidenced by their motion to transfer, ECF No. 6, Defendants prefer the District of Hawaii. That is also Mr. Zhang's home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020). The third private-interest factor—where the claim arose—is neutral. "[I]n APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred.'" *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau v. Sessions*, No. 18-CV-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018)). Mr. Zhang's application is being processed by the USCIS field office in Lee's Summit, Missouri, which is not in this district. ECF No. 6, at 1. The remaining factors favor a transfer. As to the convenience of the parties, Mr. Zhang "cannot reasonably claim to be inconvenienced by litigating in [his] home forum," *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (alteration in original) (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018)), and Defendants prefer to litigate there. Finally, Mr. Zhang will likely be the key witness and rely on personal records to develop his claim, making his home district a better venue.

The public-interest factors likewise weigh in favor of a transfer or are neutral. First, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law.

*See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (explaining that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor"). Next, there can be no dispute that each district faces congested dockets, making this factor neutral. Finally, because Mr. Zhang will feel the "potential impacts" of the USCIS's decision most prominently in his home district of Hawaii, the local interest factor weighs in favor of transfer. *See Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012); *see also S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88-89 (D.D.C. 2004) (noting that a forum had a clear interest in resolving disputes where the alleged consequences of an action would be most particularly felt).

After balancing the relevant factors as set forth above, the court concludes that transferring this case to the District of Hawaii promotes the convenience of the parties and witnesses and is in the interest of justice. *See* 28 U.S.C. § 1404(a). The court will therefore transfer this action to the District of Hawaii.

### IV.   CONCLUSION

For the foregoing reasons, the court will transfer the case to the District of Hawaii. Additionally, the court will direct Defendants to respond to the complaint no later than twenty-one days after the case is docketed in the District of Hawaii. An Order consistent with this Memorandum Opinion will issue contemporaneously.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 10, 2024